IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Criminal Action No. 1:12cr29

SAMAD MADIR HARVEY,

    Defendant.

**DEFENDANT'S MOTION TO SUPPRESS**

Comes now, Samad Harvey, through counsel and pursuant to the Fourth Amendment to the United States Constitution and Rule 12 (b)(3)(C) of the Federal Rules of Criminal Procedure, and respectfully moves this Court to suppress physical evidence – including the .22 caliber pistol named in the indictment – recovered during an unlawful and unreasonable search and seizure of his home taking place on or about December 16, 2010.

**BACKGROUND**

On May 1, 2012, the grand jury returned an Indictment in this case charging Mr. Harvey with being a felon in possession of a .22 caliber pistol, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The charge arose from events which took place late in the evening on December 16, 2010.

The government's discovery indicates that police officers performed a traffic stop on

a silver Jaguar that allegedly lacked proper registration, traveling north on University Avenue in Star City, West Virginia. Three young African-American men occupied the vehicle, and allegedly none of them were able to provide identification upon request. Mr. Harvey, for his part, sat in the rear passenger seat.

Mr. Harvey informed the police that his identification was inside his home located feet from the location of the traffic stop. Officer Jason K. Ammons ordered Harvey to go into his residence and to obtain the identification. Mr. Harvey did not realize that the officer would follow him – without invitation – into the residence and conduct an impromptu, unauthorized and illegal search of the residence.

There is no indication in the discovery that Officer Ammons received Mr. Harvey's express or implied consent to follow Harvey into the residence, or that consent was even requested. There is no evidence that Harvey offered to take any of the officers into his residence with him as he obtained his identification. Of course, Mr. Harvey was not under arrest for any crimes at the time Officer Ammons followed Mr. Harvey into his home. As such, this entry and search violated Harvey's rights guaranteed by the Fourth Amendment to the United States Constitution and any evidence seized as a direct or indirect result of this entry and initial, illegal search has no rightful place as evidence in his trial.

It is important to note that the police did not locate the .22 caliber pistol named in the Indictment during this initial, illegal search of the residence. Rather, when Officer Ammons followed Mr. Harvey into the residence without consent, he reportedly smelled marijuana and

saw a Rice-a-Roni box "that was open and had a blunt and a plastic bag sticking out of it," while Mr. Harvey located his identification. Officer Ammons looked into the box and observed purple-colored bags that appeared to him to be heroin packaging.

At that point, Harvey gave Officer Ammons his identification. The officer discovered that Mr. Harvey had two outstanding warrants from the Monongalia County Sheriff's Department. Officer Ammons arrested Mr. Harvey.

Then, Officer Ammons alerted the Mon Valley Drug Task Force of what he allegedly observed in Mr. Harvey's residence. The Task Force requested a West Virginia State search warrant for Mr. Harvey's residence. See attachment A. Upon executing the search warrant, the officers located the .22 caliber firearm named in the Indictment.

## MEMORANDUM OF LAW

The Fourth Amendment to the United States Constitution establishes the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. It is well-settled that warrantless searches are "per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).

Even if a police officer has probable cause, the Supreme Court of the United States has prohibited warrantless and non-consensual entry to a home to make an arrest, absent exigent circumstances. Payton v. New York, 445 U.S. 573, 582 (1980). In so ruling, the

Supreme Court in Payton stated:

> [t]he Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home–a zone that finds its roots in clear and specific constitutional terms: "The right of the people to be secure in their . . . houses . . . shall not be violated." That language unequivocally establishes the proposition that "[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable Government intrusion. Silverman v. United States, 365 U.S. 505, 511, [81 S.Ct. 679, 682] 5 L.Ed.2d 734, 97 A.L.R.2d 1277 [1961]. In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not be reasonably crossed without a warrant.

445 U.S. at 589.

This case represents a classic violation of the Fourth Amendment principles outlined in Payton. A Morgantown City Police officer invaded Mr. Harvey's home without a warrant or consent and, thus, this conduct was per se unreasonable. See Katz, 389 U.S. at 357. There is nothing to prove in the government's 97-pages of discovery that any exception to the warrant requirement was satisfied. Rather, it seems that the officer simply ignored the law. A so-called police "escort" of a citizen who is not under arrest or detained, without any type of consent or permission, is not an accepted, valid exception to the warrant requirement.

Accordingly, Officer Ammons was not lawfully in the residence while Mr. Harvey searched for his identification. Officer Ammons was not permitted to make plain view observations inside Mr. Harvey's residence. Indeed, it was the contraband detected by smell

and observed in plain view during this illegal entry and search which gave the officer probable cause to obtain the search warrant, yielding the .22 caliber pistol. As a result, any evidence seized, including the .22-caliber pistol, became the fruit of an unlawful entry and search in violation of Mr. Harvey's rights guaranteed by the Fourth Amendment to the United States Constitution and all of it should be suppressed.

## CONCLUSION

Based on the foregoing, Harvey requests that this Court enter an order suppressing the .22-caliber pistol and all other physical evidence, any reference thereto and all derivative evidence.

Respectfully admitted,

**SAMAD HARVEY**
By Counsel

By:   /s/ L. Richard Walker
        L. Richard Walker
        WV State Bar No. 9580
        Federal Public Defender Office
        230 West Pike Street, Suite 360
        Clarksburg, West Virginia 26302
        Tel. (304) 622-3823
        Fax. (304) 622-4631
        E-Mail: Richard_Walker@fd.org

**CERTIFICATION OF SERVICE**

I hereby certify that on September 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Zelda Wesley
**Assistant United States Attorney**
**Office of the United States Attorney**
**320 West Pike Street, Suite 300**
**Clarksburg, West Virginia 26302**
**Tel. 304-623-7030**

By:   /s/ L. Richard Walker
       L. Richard Walker
       WV State Bar No. 9580
       Federal Public Defender Office
       230 West Pike Street, Suite 360
       Clarksburg, West Virginia 26302
       Tel. (304) 622-3823
       Fax. (304) 622-4631
       E-Mail: Richard_Walker@fd.org